350 So.2d 810 (1977)
Steven Harris ALMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1604.
District Court of Appeal of Florida, Fourth District.
October 11, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler and Jerry L. Schwarz, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals from a Judgment of guilty and Order of Probation after a trial by jury in which Appellant was convicted of aggravated assault.
The trial court ordered Appellant to serve seven years of probation and included in the terms thereof the following conditions:
"(9) You will serve fifty-one weeks in Orange County Jail with credit for time served.
(10) You will reside elsewhere other than Central Florida.
(11) You will not violate any State or Federal laws, County or Municipal Ordinances.
(12) You will not associate with any organized or unorganized motorcycle groups."
The terms of probation exceeds the maximum allowed by two years. See Holmes v. State, 343 So.2d 632 (Fla. 4th DCA 1977), and Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977).
Additionally, Appellant contends and we agree that condition (10) is improper. The requirement that Appellant reside elsewhere than Central Florida is not sufficiently definite to advise Appellant of the limits of the restriction; also it is not clear what relationship this restriction has to Appellant's probation. The trial court in the exercise of its discretion may as a condition of probation say where a probationer may reside. The condition, however, must be sufficiently definite to advise the probationer of the limits of the restriction, and the condition must also bear some reasonable relationship to the purposes of probation. *811 Condition (10) does not meet these criteria and is hereby stricken from the Order of Probation. Upon remand, the trial court may amend the Order of Probation consistent with this opinion. In all other respects the Judgment is affirmed.
AFFIRMED as modified and remanded.
ALDERMAN, C.J., and CROSS, J., concur.
MILLER, ROBERT P., Associate Judge, concurs in part and dissents in part, with opinion.
MILLER, ROBERT P., Associate Judge, concurring in part and dissenting in part, with opinion.
I disagree with that portion of this opinion which infers that the conditions as set forth in the Order of Probation must affirmatively show some relationship to the Appellant's probation and I presume rehabilitation. I believe the better rule is that previously stated by this court in Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977), wherein Judge Dauksch pronounces the rule to be that where the record is silent as to the trial court's reason for particular conditions this court cannot find that the court abused its discretion in that regard.
The record here is certainly silent as to why the court imposed such a geographical restriction and it should be presumed that the trial court had an appropriate reason for such restriction. Certainly the trial court had authority to restrict the Appellant's movements entirely by placing him in confinement. It is only by the grace of the trial court that he is allowed any movement whatsoever and therefore he should not be heard to complain of such restriction.