DANIEL, Judge.
Defendant, Anthony Towe, has taken this appeal from the departure sentence imposed by the trial court after defendant pleaded guilty to twelve counts of burglary of a structure and two counts of burglary of a dwelling.
Sixteen informations were filed against defendant charging him with twelve counts of burglary- of a structure,[1] eleven counts of grand theft,[2] six counts of petit theft,[3] one count of possession of a firearm in commission of a felony,[4] one count of armed burglary of a dwelling,[5] and one count of criminal mischief.[6] Pursuant to a negotiated plea arrangement defendant entered a plea of guilty to fourteen charges of burglary and, in exchange, the state entered a nolle prosequi as to the remaining charges. The recommended guidelines sentence was three years imprisonment, however, the trial court departed from the guidelines and sentenced defendant to a minimum of eight years imprisonment. The court stated as its reason for imposing a departure sentence the fact that defendant had engaged in a crime spree, that is, defendant had committed nine of the fourteen burglaries between October 16, 1987 and October 25, 1987.
On appeal defendant contends that it was error for the trial court to use as its reason for imposing a departure sentence the fact that defendant had engaged in a crime spree, asserting that under the rulings set forth in State v. Rousseau, 509 So.2d 281 (Fla.1987) and Mathis v. State, 515 So.2d 214 (Fla.1987) this reason was clearly invalid. The state properly concedes that Rousseau is controlling and that reversal is required.
Accordingly, the order of the trial court which imposed sentence upon defendant must be vacated and this matter remanded for sentencing within the recommended sentencing guideline range. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.

. § 810.02(1), Fla.Stat. (1987).

. § 812.014(2), Fla.Stat. (1987).

. § 812.014(2)(d), Fla.Stat. (1987).

. § 790.07, Fla.Stat. (1987).

. § 810.02(2)(b), Fla.Stat. (1987).

. § 806.13, Fla.Stat. (1987).