554 So.2d 616 (1989)
Thomas Jeffrey HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03502.
District Court of Appeal of Florida, Second District.
December 22, 1989.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
*617 THREADGILL, Judge.
Appellant, Thomas Jeffrey Huff, challenges two conditions of probation and a finding of violation of his previous probation based on one of these conditions. We strike the illegal conditions and the finding of violation of one of these conditions.
On August 15, 1988, Appellant was sentenced to five years probation for burglary of a dwelling. One of the conditions of probation imposed was that he could not live with a member of the opposite sex who was not his relative. On November 30, 1988, Appellant pleaded guilty to violating five conditions of probation including living with a member of the opposite sex who was a not relative. The trial court revoked his probation and sentenced him to nine years in prison followed by six years probation. The trial court reimposed the condition of probation that Appellant not live with a member of the opposite sex who was not his relative. Another condition imposed was that he not be within three blocks of a known "high drug area" as determined by his probation officer. Neither of these conditions was announced at the sentencing hearing.
The condition that Appellant not live with a member of the opposite sex has been held to be invalid because it relates to noncriminal conduct. See Brodus v. State, 449 So.2d 941 (Fla. 2d DCA 1984); Wilkinson v. State, 388 So.2d 1322 (Fla. 5th DCA 1980).
We find that the condition that Appellant not be within three blocks of a "high drug area" as defined by his probation officer is too vague to advise Appellant of the limits of his restrictions and can be easily violated unintentionally. The validity of this condition may depend on whether or not the probation officer apprised Appellant of which areas he was to avoid prior to a violation. Since the conditions were not announced at sentencing, there is nothing in the record to suggest that these areas were defined specifically or in writing. See Almond v. State, 350 So.2d 810, 811 (Fla. 4th DCA 1977) (striking as too vague a condition of probation prohibiting defendant from residing in "central Florida").
Further, it has not been shown that either of these conditions has any relationship to the crime of burglary or is reasonably tailored to prevent future criminal conduct by the appellant. Therefore, pursuant to Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979) (requiring conditions of probation to be reasonably related to prevention of similar criminal acts), we strike the conditions of probation. We also strike the finding of violation based upon his cohabitation with a woman. In all other respects the judgment and sentence are affirmed.
LEHAN, A.C.J., and PATTERSON, J., concur.