DANIEL, Chief Judge.
' Defendant, Roy Edward Chambliss, Jr., appeals the departure sentence imposed by the trial court, claiming that the sole reason stated for departure, that defendant’s crimes constituted a “crime wave,” is invalid. We agree. See State v. Simpson, 554 So.2d 506 (Fla.1989); Mathis v. State, 515 So.2d 214 (Fla.1987); State v. Rousseau, 509 So.2d 281 (Fla.1987). See also Towe v. State, 536 So.2d 398 (Fla. 5th DCA 1989); Morgan v. State, 528 So.2d 991 (Fla. 4th DCA 1988); Hayes v. State, 516 So.2d 318 (Fla. 2d DCA 1987). Accordingly, defendant’s sentence is vacated and this matter is remanded for sentencing within the recommended sentencing guidelines range. Shull v. Dugger, 515 So.2d 748 (Fla.1987). While recognizing the frustrations encountered by trial judges when dealing with sentencing issues, this court is constrained to enforce the law as set forth by the Legislature and interpreted by the Florida Supreme Court.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.