562 So.2d 866 (1990)
Michael SAINT, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2496.
District Court of Appeal of Florida, Third District.
July 3, 1990.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
*867 Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GERSTEN, JJ.

CONFESSION OF ERROR
PER CURIAM.
Appellant, Michael Saint, appeals his sentence following pleas of guilty and nolo contendere. We reverse and remand.
Appellant pled guilty to a lesser charge of attempted sexual battery on a child, and nolo contendere to committing a lewd and lascivious act upon a child. In exchange for these pleas, the State entered a nolle prosequi to the original charge of sexual battery on a child.
Appellant contends that the trial court incorrectly calculated appellant's sentencing guidelines scoresheet by scoring the attempted sexual battery as a life felony, rather than a first degree felony. Appellant also contends that the trial court erred by sentencing appellant to a term in excess of the statutory maximum sentence of thirty years for the offense of attempted sexual battery on a child. Appellee, State, concedes error on both issues.
Section 794.011(2), Florida Statutes (1989), provides that the commission of a sexual battery by a person over 18 years upon a child under 12 years, the crime with which appellant was originally charged, constitutes a capital felony. Section 777.04(4)(a), Florida Statutes (1989), provides that an attempt to commit a capital felony is a felony of the first degree. Appellant pled guilty to attempted sexual battery on a child, a first degree felony, not a life felony as computed in the guidelines scoresheet.
Section 775.082(3)(b), Florida Statutes (1989), states that the maximum punishment for a first degree felony is thirty years in prison. Here, appellant was sentenced to 20 years in prison followed by life probation. Although a split sentence of state prison and probation is permissible, the total sanction cannot exceed the maximum term provided by the statute. R. 3.701(d)(12), Fla.R.Crim.P.
The State correctly concedes that appellant was improperly sentenced to a term outside the guidelines without written findings to justify the departure. See Padgett v. State, 534 So.2d 1246 (Fla. 3d DCA 1988). Accordingly, we reverse appellant's sentence and remand for sentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990).
Reversed and remanded.