578 So.2d 444 (1991)
James L. OWENS, Appellant,
v.
Gwendolyn J. OWENS, Appellee.
No. 90-3150.
District Court of Appeal of Florida, First District.
April 18, 1991.
*445 Michael A. Morris of Myrick & Davis, P.A., Pensacola, for appellant.
Charles J. Kahn, Jr. of Levin, Middlebrooks, Mabie, Thomas, Mayes and Mitchell, P.A., Pensacola, for appellee.
ZEHMER, Judge.
James L. Owens appeals an order of civil contempt entered upon the finding that he willfully failed to pay child support, permanent alimony, and lump sum alimony awarded Gwendolyn J. Owens in the final judgment of dissolution of marriage, and the further finding that Mr. Owens has the present ability to make the alimony and support payments ordered as a condition of purging himself of contempt.[1] Mr. Owens does not contest the finding of contempt as to his support obligations, but argues that the evidence shows he does not have the present financial ability to comply with the ordered payments and that civil contempt is not an appropriate remedy to enforce the lump sum alimony award.
We conclude that the record contains legally sufficient evidence to support the trial court's findings. We approve the order to the extent that it imposes the sanction of imprisonment for civil contempt to compel the payment of Owens's child and spousal support obligations. However, because the lump sum alimony award effected a distribution of marital property between the parties and the remedy of contempt may not be used to enforce an alimony award effecting a property division, that portion of the order requiring Mr. Owens to pay the lump sum alimony as a condition for purging himself of contempt must be struck. Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990). See also Gibson v. Bennett, 561 So.2d 565 (Fla. 1990). On remand the trial court must determine the amount of lump sum alimony involved and deduct that amount from the purge amount set forth in the orders of contempt and incarceration.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings in accordance with this opinion.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] We treat this proceeding as one for civil contempt, even though it purports to "sentence" Mr. Owens to jail for 90 days for failing to make the payments ordered in the final judgment, because the "Order of Incarceration" provides that he "may purge himself from said sentence at any time prior to its expiration by paying to the Former Wife a total of $22,923.34 which is the arrearage set forth and established in this Court's Order Upon Motion For Contempt of September 19, 1990." Technically, the imposition of incarceration is not a "sentence" but only an open-ended penalty to coerce compliance, which may be avoided or terminated by compliance with the conditions of the court's order.