586 So.2d 1294 (1991)
In the Interest of T.L.D., a Child.
No. 91-0246.
District Court of Appeal of Florida, Fourth District.
October 2, 1991.
Richard L. Jorandby, Public Defender and Nancy Perez, Asst. Public Defender, West Palm Beach, for appellant-T.L.D.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle Smith, Asst. Atty. Gen., West Palm Beach, for appellee-State of Fla.
PER CURIAM.
We affirm in all respects, except we remand for the trial court to strike a special condition of appellant's community control.
As a special condition of appellant's community control, the trial court required appellant to follow the conditions imposed by the community control counselor. Only a court, however, can set the conditions of probation. See Barber v. State, 344 So.2d 913, 914 (Fla. 3d DCA 1977); § 948.03(1), Fla. Stat. (1989). Furthermore, a trial court reversibly errs when it delegates judicial responsibility to a probation officer. McDonald v. State, 478 So.2d 113, 113 (Fla. 2d DCA 1985). Because the special condition is an unlawful delegation of judicial authority, the trial court shall strike this condition upon remand.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GUNTHER and STONE, JJ., and WALDEN, JAMES H., Senior Judge, concur.