609 So.2d 167 (1992)
Malcolm BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02448.
District Court of Appeal of Florida, Second District.
December 11, 1992.
James Marion Moorman, Public Defender and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
We have for review two issues raised by Malcolm Baker concerning several conditions of his probation. We affirm special condition number 23, which prohibits Baker from living in a particular area of Tampa, but strike the conditions which relate to alcohol.
Baker was charged with burglary of a dwelling with assault or battery. Upon adjudicating Baker guilty of the charged offense, the trial court imposed a special condition of probation prohibiting Baker from living north of Fowler, Nebraska to 30th street. Baker claims that this condition is invalid because it is too vague and does not advise him of the limits of his restrictions similar to the condition in Huff v. State, 554 So.2d 616 (Fla.2d DCA 1989). In Huff, we found that the probation condition which prohibited the defendant from being within three blocks of a "high drug area" as determined by the probation officer was too vague. Huff is not applicable to the instant case. In this case, the condition is much more detailed and specific and sets forth particularly the area where Baker is prohibited from living. The condition in Huff refers to any "high drug area" as determined by the probation officer. The condition in Huff and the condition at issue here are not similar. The condition in this case is sufficiently clear, not too vague and informs a person of reasonable intelligence what conduct is prohibited. Accordingly, we hold that special condition number 23 is valid.
Baker next contends that condition numbers 6, 10 and that portion of condition number 15, which relate to the consumption of or presence around alcohol are invalid as they are not reasonably related to the offense charged. We agree. See Daniels v. State, 583 So.2d 423 (Fla. 2d DCA 1991); Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990).
Accordingly, we strike conditions 6, 10 and that portion of 15 relating to alcohol. We otherwise affirm the conditions of Baker's probation.
SCHOONOVER and ALTENBERND, JJ., concur.