629 So.2d 1106 (1994)
Ghislaine Marie MATTERA, Appellant/Cross-Appellee,
v.
John A. MATTERA, Appellee/Cross-Appellant.
No. 93-1851.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
*1107 Michael Lechtman of Michael Lechtman, P.A., North Miami Beach, for appellant/cross-appellee.
David A. Riggs of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for appellee/cross-appellant.
PER CURIAM.
The former wife brings this appeal from a post-judgment order denying her motion for contempt and application for commitment of the former husband for failure to comply with a previous order of the court directing him to pay alimony and child support. The former wife argues the trial court erred when it concluded the former husband's nonpayment of these amounts pursuant to the parties' marital settlement agreement was not subject to an order of contempt. The former husband cross-appeals and contends the trial court's reservation of jurisdiction to consider an application for commitment should be stricken. We reverse.
The trial court's order of February 26, 1992, incorporates the parties' marital settlement agreement ("agreement") in a final judgment of dissolution of marriage and states the agreement would not merge into the final judgment. The agreement requires the husband to transfer certain certificates of deposit as lump sum alimony and orders him to pay the wife an amount equal to the minimum interest which would be earned on the certificates of deposit for a period of eighteen months. The agreement also provides the husband will pay the wife $100,000 in monthly installments of $3,400. The agreement identifies these amounts in Paragraph 3 as "Lump Sum Alimony and Alternate Awards."
In Paragraph 7, however, the settlement agreement describes the following payments as "Monthly Support," and provides:
The Husband agrees and has contemplated herein based upon the lump sum alimony, the child support and the payments of lump sum alimony, as above stated, the Wife shall receive Five Thousand Seven Hundred Fifty Dollars ($5,750.00) per month in the following respects:
A. One Thousand Three Hundred Fifty Dollars ($1,350.00) from the interests of Certificates of Deposits at Totalbank;
B. Three Thousand Four Hundred Dollars ($3,400.00) of the One Hundred Thousand Dollars ($100,000.00) lump sum alimony payment to the Wife, payable until the One Hundred Thousand Dollars is paid;
C. One Thousand Dollars ($1,000.00) in child support.
*1108 On May 21, 1992, the trial court entered an order on the wife's application for contempt and for an order of commitment finding the husband was in arrears on the payments required by the agreement, including child support payments, and had the ability to make such payments. The trial court ordered the husband to make payments in accord with the agreement and pay an additional purge amount. Failure to comply with the trial court's order would result in the husband's confinement in the Palm Beach County Jail. The record does not show the husband appealed from the May 21, 1992 order.
On February 22, 1993, the wife again filed a motion for contempt and application for commitment. The trial court referred the matter to a special master and on May 21, 1993, the trial court entered an order accepting the special master's recommendation. Notwithstanding the husband's failure to comply with the agreement or to pay the arrearage and purge amounts previously ordered on May 21, 1992, the trial court, contrary to its previous order, concluded:
2. This matter is not subject to the Court's contempt powers as the monies in question have been held not to be in the nature of alimony. However, this matter is subject to enforcement and the Former Husband shall pay all arrearages forthwith.
3. The Motion for Commitment is denied at this time. However, if the Former Husband does not comply with the terms of the Order, an application for commitment may be made immediately.
We are unable to reconcile the trial court's conflicting orders based on the record before us. In the interim period between the two orders the wife testified in deposition that the sums due were not modifiable and related to the lump sum alimony dispositions. We can only speculate that based upon this testimony the special master and the trial court concluded the payments constituted a property settlement distribution as lump sum alimony which was neither modifiable nor subject to enforcement by contempt. The order on appeal obviously conflicts with the trial court's previous order in May of 1992 in which the trial court apparently construed the payments as marital support and required the husband to make the payments, including alimony arrearages, or suffer contempt and confinement.
If the parties agreed to the payments required by the property settlement agreement as a settlement of property rights and not alimony the trial court correctly concluded that it could not enforce those payments by contempt. See Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985). On the other hand, lump sum alimony payments, even though nonmodifiable and payable in installments, may be enforced by contempt if the court finds the parties intended to establish alimony for support rather than property settlement. See English v. Galbreath, 462 So.2d 876 (Fla. 2d DCA 1985).
Accordingly, we must reverse the trial court's order dated May 21, 1993 and remand this cause to the trial court with instructions to conduct an evidentiary hearing to determine the parties' intent regarding the monthly payments and enter such further orders as may be consistent with this opinion.
REVERSED and REMANDED.
DELL, C.J., GLICKSTEIN and PARIENTE, JJ., concur.