629 So.2d 1106 (1994)
Frederick DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0734.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed. In sentencing appellant for a violation of probation, the trial court orally announced a sentence of three years in state prison followed by three years of probation. However, the written sentence stated three and one-half years in state prison followed by three years of probation. It is well settled that a written order must conform to the oral pronouncement of sentence. Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987).
Secondly, the state concedes that the condition of probation forbidding appellant from entering "any places that sell alcohol" is overbroad and must be stricken, as it can be easily violated unintentionally such as by entering a grocery store or a gas station. See Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989).
Finally, we would note that the scoresheet prepared by the assistant state attorney and filed subsequent to oral pronouncement of sentence did not conform to the court's instructions. While the assistant state attorney corrected the scoresheet to show the correct degree of the primary offense at conviction according to the court's instructions, he also added on his own accord 24 points for victim injury which were never included on the original scoresheet. This was error. See Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). Upon remand the scoresheet should be corrected by removing these points.
WARNER, KLEIN and PARIENTE, JJ., concur.