667 So.2d 910 (1996)
James HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0822.
District Court of Appeal of Florida, Fourth District.
February 7, 1996.
Rehearing Denied March 1, 1996.
*911 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
James Hughes appeals his sentence for aggravated stalking. We affirm in part and remand.
Following Hughes' nolo contendere plea to two counts of aggravated stalking, the court withheld adjudication and sentenced him to two concurrent four-year terms of probation. Hughes subsequently pled guilty to twice violating his probation by harassing the victim at her place of employment, but denied allegations that he harassed the victim a third time by calling her place of employment and threatening to "get even." After hearing testimony regarding the third incident, however, the court found that Hughes had violated the terms of his probation.
As a result of the violations, the court adjudicated Hughes guilty of the original two counts of aggravated stalking and revoked his probation. The sentencing guidelines scoresheet reflected a total score of eighty-nine points which allowed a recommended sentencing range of any non-state prison sanction ("ANSPS") as well as a permitted sentencing range of ANSPS, and after a one-cell bump up for violation of probation, ANSPS, community control, or one to three and one-half years in prison.
The court entered a sentence of three and one-half years in prison on count I and a consecutive, five-year term of probation on count II with the condition that Hughes not come within 250 miles of the victim.
Hughes raises three issues on appeal. First, he claims that the trial court erred in entering a departure sentence without giving written reasons. Second, Hughes maintains that the court did not properly credit him for time served on probation. Finally, he argues that the condition that he not come within 250 miles of the victim is overbroad. We affirm the trial court on the first issue, but find error on the second and third issues and reverse.
As previously stated, the sentencing guidelines scoresheet, after a one-cell bump up for violation of probation, reflected a permitted sentencing range of any ANSPS, community control, or one to three and one-half years in prison. The trial court's sentence on count one, three and one-half years in state prison, was within the permitted range and was not a departure sentence. It has been held that only the incarcerative portion of a split sentence (a combination of state prison and probation) may not exceed the guidelines maximum. See Regueiro v. State, 619 So.2d 463, 466 (Fla. 4th DCA 1993); Mitchell v. State, 573 So.2d 446 (Fla. 2d DCA 1991). By contrast, the aggregate of a split sentence of incarceration and probation may not exceed the statutory maximum allowed by general law. See Saint v. State, 562 So.2d 866 (Fla. 3d DCA 1990); Putt v. State, 527 So.2d 914 (Fla. 3d DCA 1988). In addition, section 921.0016(1)(d), Florida Statutes (1993), provides in pertinent part as follows:
The imposition of a split sentence of incarceration followed by community control or probation does not by itself constitute a *912 departure from sentencing guidelines. For the purpose of determining the maximum sentence authorized by law, any community control portion of a split sentence does not constitute a term of imprisonment.
Based on the foregoing, the trial court was permitted to sentence the appellant to three and one-half years in prison and a consecutive term of probation on each count, with each sentence not exceeding the statutory maximum without upwardly departing from the sentencing guidelines scoresheet.
As to Hughes' second issue, the record indicates that the court erroneously credited Hughes for time served through the date of issuance of the arrest warrant instead of the date his probation was actually revoked. When a defendant's probation is revoked and a new term imposed, the court must credit the defendant for the time he has already served on probation for any offense toward any new term of probation imposed for that offense. State v. Summers, 642 So.2d 742, 743 (Fla.1994). In calculating the amount of credit, the court must consider the time served from the date probation was imposed to the date of revocation. Marchessault v. State, 659 So.2d 1315 (Fla. 4th DCA 1995). "Probation is not normally suspended or tolled retroactively unless the probationer absconds from supervision." Gordon v. State, 649 So.2d 326 (Fla. 5th DCA 1995) (quoting Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991)). Only a valid order of revocation, and not the issuance of an arrest warrant, terminates probation. Watson v. State, 497 So.2d 1294, 1294 (Fla. 1st DCA 1986). We therefore direct that the trial court recalculate the time Hughes served on probation and credit him accordingly.
We also address Hughes' third issue in spite of his failure to contemporaneously object because we find the condition of probation to be illegal. A defendant is not required to make a contemporaneous objection to conditions of probation which are illegal. Larson v. State, 572 So.2d 1368 (Fla. 1991). In Larson, the supreme court stated that:
[i]n the absence of an objection ... a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error. The mere fact that a certain probationary condition is subject to reversal on appeal once a proper objection is raised at trial does not necessarily mean it is illegal for the purposes at hand.
Id. at 1371. The court acknowledged that a defendant may waive certain "purely personal" constitutional rights and ultimately held that a condition of probation prohibiting the defendant from travelling to Tallahassee was not illegal. The court found that the defendant, having failed to contemporaneously object, had waived his right to travel there.
The condition that Hughes not come within 250 miles of the victim is not nearly as specific as that in Larson. It is more akin to those in Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989), and Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 128 (1978). In Huff, the court struck a condition of probation forbidding appellant from being "within three blocks of a `high drug area.'" Huff, 554 So.2d at 617. The court held that the condition was illegal in that it was "too vague to advise [a]ppellant of the limits of his restrictions and [could] be easily violated unintentionally." Id. Similarly, in Almond, we held that a condition that the defendant "reside elsewhere other than Central Florida" was not "sufficiently definite to advise [a]ppellant of the limits of the restriction." Almond, 350 So.2d at 810.
The trial court must not impose conditions of probation which are overbroad and can be violated unintentionally. Dean v. State, 629 So.2d 1106 (Fla. 4th DCA 1994) (condition that defendant not enter "any places that sell alcohol" was overbroad and had to be stricken, as it could be easily violated unintentionally). In the instant case, had the court prohibited travel to a particular neighborhood or city, the situation would be more in line with Larson and Hughes, having failed to object at sentencing, would have been precluded from raising the issue on appeal. Instead, we find that "within 250 miles of the victim" is too vague to advise Hughes of the limits of his restrictions *913 since that radius is capable of being constantly redefined with no notice to Hughes whenever the victim leaves her home.
We therefore affirm Hughes' sentence and remand with directions that the trial court strike the unlawful condition of probation and resentence Hughes consistent with this opinion.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
GLICKSTEIN and WARNER, JJ., concur.