GRIFFIN, J.
Werner A. Willems [“Willems”] appeals an order revoking his probation and the sentence imposed upon revocation of his probation. We find no error in the revocation order but agree that he was erroneously sentenced.
Willems was charged by information with resisting an officer with violence, battery upon a law enforcement officer, and petit theft. Willems pled guilty to the lesser included offense of resisting arrest without violence, a first-degree misdemeanor, and petty theft, a second-degree misdemeanor.[1] At sentencing on October 9, 1998, he was given twelve months of probation on the charge of resisting arrest, to be followed by six months of probation on the theft charge. Resisting arrest without violence is a first-degree misdemeanor punishable by a term of imprisonment not exceeding one year. § 775.082(4)(a), Fla. Stat. (1997). The second-degree misdemeanor, petty theft, is punishable by a term of imprisonment not exceeding sixty days. § 775.082(4)(a), Fla. Stat. (1997).
On July 19, 1999, an affidavit was filed alleging that Willems had violated his probation. At the probation violation hearing, the court revoked Willems’ probation and adjudicated him guilty. He was orally sentenced on the charge of resisting arrest without violence to 364 days in the Bre-vard County jail, with 304 days suspended, leaving a balance of sixty days, but with credit for time served. As a condition of his probation, he was required to serve an *759 additional six months of probation following his jail sentence. Defense counsel queried:
Your Honor, would that — -would the probation to follow does that violate — is it more than—
The court interrupted:
Well, the total sentence exceeds one year if he were to incur another jail sentence, but I see the total sentence as being one year, with an actual jail sentence of sixty days, followed by six months’ probation. So I believe it to be a lawful sentence as I have pronounced it, with the 304 days suspended.
The written sentencing order varied slightly from the oral pronouncement. It stated that Willems was being sentenced on the charge of resisting arrest without violence to sixty days in the county jail, to be followed by six months’ probation and with credit for four days served.
Willems maintains that his new six-month probationary sentence exceeds the statutory maximum of eighteen months, when added to the fifteen months he had already served. Willems’ probation was revoked on January 4, 2000. At this point, he had already served the full twelve months’ probation for resisting arrest without violence (October 9, 1998 through October 8, 1999). He had also served the two-month sentence which the court was legally entitled to impose for the petty theft (October 9, 1999 through December 8, 1999). The trial court appears to have jurisdiction to revoke this probation, since the State took the necessary steps to revoke his probation before the probationary period expired. See Francois v. State, 695 So.2d 695 (Fla.1997), Slingbaum v. State, 751 So.2d 89 (Fla. 2d DCA 1999). However, the trial court was not entitled to impose additional jail time or additional probation upon revocation of Willems’ probation, because Willems was entitled to credit for the time spent on probation[2] in order to assure that the total term of probation did not exceed the statutory maximum. Willems thus has served the statutory maximum sentence for his offenses. See Waters v. State, 662 So.2d 332 (Fla.1995); State v. Summers, 642 So.2d 742, 743 (Fla.1994); Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995).
The State does not contend on appeal that the sentence was proper, only that this issue was not preserved for review because of the failure to raise this issue below. However, defense counsel did raise the issue at sentencing, if not very articulately.
We note finally that this court has always shown itself willing to expedite consideration of a criminal sentencing case where necessary to afford relief due to the brevity of a sentence. In this case, it was not requested.
Judgment AFFIRMED; sentence VACATED; and REMANDED.
THOMPSON, C.J, and ORFINGER, M., Senior Judge, concur.

. The charge of battery on a law enforcement officer was apparently nolle prossed.

. This includes the time served from the date probation was imposed to the date of revocation. Hughes v. State, 667 So.2d 910 (Fla. 4th DCA), review denied, 676 So.2d 413 (Fla.1996); Marchessault v. State, 659 So.2d 1315 (Fla. 4th DCA 1995).