PER CURIAM.
Pursuant to a plea agreement, C.H. pled no contest to a petition for delinquency. The trial court withheld adjudication and ordered C.H. to be placed on juvenile probation up to a maximum of one year. As part of the probation he was ordered to participate in an assessment through the *676 Juvenile Assessment Team and complete any recommended therapy or treatment. The disposition order had a specific provision for imposing Drug Court supervision which the court did not elect to impose as a condition of probation.
C.H. was recommended for direct referral for substance abuse treatment, but when he was unable to continue treatment at one facility because it could not handle C.H.’s mental health needs, he was to be placed in another treatment facility. While awaiting entry into the new facility, a drug court officer determined that C.H. needed supervision and imposed Drug Court monitoring.
C.H. filed a Motion to Terminate Drug Court Supervision arguing that it was not a term of the plea agreement and the trial court had not ordered it. After a hearing, the trial court denied the motion. C.H. filed this appeal.
Drug Court supervision was not a condition of C.H.’s probation that was ordered by the court. Only the court may set the conditions of probation and it may not delegate its responsibility to a probation officer. See In re T.L.D., 586 So.2d 1294 (Fla. 4th DCA 1991). Where a court withholds adjudication and places a child on probation under specified conditions, a court is without authority to add a condition of probation unless and until a violation is alleged and after a hearing a violation is determined to have been committed. See § 985.228(4), Fla. Stat. (2001); Fla. R. Juv. P. 8.120; see also Delancey v. State, 653 So.2d 1062 (Fla. 4th DCA 1995) (modification of probation, adding additional requirement of probation absent a violation constitutes an improper enhancement, not a modification, of defendant’s original sentence and violates double jeopardy principles). We reverse the denial of C.H.’s motion and remand for the trial court to terminate Drug Court supervision.
REVERSED AND REMANDED.
TAYLOR, HAZOURI and MAY, JJ., concur.