920 So.2d 1209 (2006)
Ronald L. BONGIORNO, Appellant/Cross-Appellee,
v.
Amy P. YULE, Appellee/Cross-Appellant.
Nos. 1D04-3887, 1D05-1119, 1D05-2736.
District Court of Appeal of Florida, First District.
February 17, 2006.
Anthony C. Bisordi, of Bisordi & Bisordi, P.A., Shalimar, for appellant/cross-appellee.
Michael T. Webster, Shalimar, for appellee/cross-appellant.
HAWKES, J.
These three cases involve an appeal and cross-appeal from a final judgment of dissolution of marriage and appeals from two post-dissolution orders enforcing the terms of the dissolution judgment. We consolidate these cases, and affirm the dissolution judgment in its entirety without further discussion. We also affirm the trial court's order holding Former Husband in contempt for failing to pay Former Wife's *1210 lump sum alimony, and sentencing him to 40 days in jail. We write only to clarify why the lump sum alimony awarded here is enforceable by contempt.
It is well established that an award of lump sum alimony that effects a distribution of marital property is not enforceable by contempt. See e.g., Owens v. Owens, 578 So.2d 444 (Fla. 1st DCA 1991). However, lump sum alimony is enforceable by contempt if it was intended for support rather than property settlement. See Mattera v. Mattera, 629 So.2d 1106 (Fla. 4th DCA 1994). The trial court's intent is dispositive, regardless of what the award is called. It is the substance, not the noun, that determines enforcement options. The fact that Former Wife's need for support was caused by Former Husband's refusal to comply with the equitable distribution award does not change the substance of the alimony award.[1] Rather, it is only what necessitated the alimony award.
Here, the trial court effected an equitable distribution of property in its Final Judgment. That distribution is not before us. At that time, the court concluded there was no current need for alimony, but awarded $1.00, due to the possibility that alimony would become necessary in the future. The trial court's conclusion that alimony was not then necessary was based on its expectation that Former Wife would receive the court-ordered income from her interest in the marital ownership of SPC, a corporation formed during the marriage. Since all SPC funds flowed through Former Husband, the trial court recognized Former Husband had the ability to disrupt Former Wife's income steam. Obviously, if her income was disrupted, Former Wife would have a need for support (alimony).
Former Husband exercised his ability to disrupt Former Wife's income. Former Husband refused to allow any of the funds the court ordered in its equitable distribution to go to Former Wife. He also refused to deposit any of the funds earned through SPC (when he was ordered to deposit all of the funds from SPC) in the Circuit Court Registry. In fact, Former Husband has paid no money to Former Wife, despite having an ability to do so.
Confronted with Former Wife's need for support due to Former Husband's failure to provide any of the funds to which Former Wife was entitled, the trial court modified the alimony award and ordered lump sum alimony to be paid by a date certain. The record clearly establishes Former Wife's need and Former Husband's ability to pay. The court stated it modified the alimony award "to guarantee Wife's stream of support." This statement shows it intended the modified lump sum alimony as support.
Following entry of the order awarding lump sum alimony, Former Husband, again, refused to pay the alimony ordered by the court. Consequently, at a contempt hearing, the trial court held Former Husband in contempt and ordered his incarceration unless he timely paid the purge amount. Considering Former Husband's consistent refusal to pay Former Wife any funds pursuant to either order, Former Wife's need, and Former Husband's ability to pay, we cannot find the trial court abused its discretion by holding Former Husband in contempt. Former Husband refused to comply with court orders, denied Former Wife the income to which she was entitled, and now attempts to hide behind the argument that the court's award of support alimony must be considered *1211 equitable distribution. Former Husband's effort is in vain.
The order of contempt is AFFIRMED. The case is REMANDED to the trial court for enforcement. No motion for rehearing will be entertained. The Clerk of the First District Court of Appeal is directed to immediately issue the mandate.
THOMAS, J., concurs; WOLF, J., concurs in part and dissents in part with written opinion.
WOLF, J., Concurring in part and Dissenting in part.
I concur in affirming the original dissolution judgment because I believe most of the issues directed to that judgment were not adequately preserved for appeal. I cannot concur, however, with the majority's conclusion that the award to the former wife of 50% of the income from SPC should be treated as a lump sum award in the nature of support, rather than part of the equitable distribution scheme. I, therefore, would reverse the finding of contempt.
First, in accordance with the former wife's specific request in pleadings as well as testimony, she sought the asset in question as part of equitable distribution. During her cross-examination at the final dissolution hearing, she was questioned as follows regarding the nature of what she was asking for in terms of SPC:
Q I just want to clarify so that I can understand your position on [SPC]. You don't want to value that corporation and put [it] in the grid here. You want a percentage of [the former husband's] income from that corporation; is that right?
A That's a marital asset. I am asking for half of that marital asset.
Q You want half of his future income from that asset, though; is that accurate?
A I want  I am entitled to half of that marital asset now and in the future, because we were married for fifteen years, eleven months.
Q And you don't want alimony?
A I have asked for just what I just stated.
Q You want it as an asset, though, not as alimony?
A I think I have already answered that question.
On redirect examination, she further clarified her position with regard to her claim to property stemming from SPC:
Q Okay. As to [former husband's attorney's] questions about alimony, if you're distributed back as a property one-half of the income from SPC, then you don't want alimony; is that correct?
A That's correct.
Q But if Judge Heflin does not accept that theory, then you do want alimony; is that correct?
A That would be correct, as well.
Q That's how it is pled in your petition; is that correct?
A That's correct.
Second, the original dissolution judgment included the 50% split of income from SPC in the equitable distribution scheme. In discussing the asset in question in the dissolution judgment, the trial court made the following findings:
e. ... The Court gave little weight to the Husband's valuation [of SPC].
f. The Court gave great weight to the Wife's expert who provided evidence and testimony that when "capitalizing" the excess earnings of SPC (in essence the money paid to the Husband), *1212 then the value of SPC is in excess of $661,000.
g. Because of the disputed and widely varying values placed upon the marital interest in SPC and because the greater weight of the evidence established that the Husband is not an active participant in the management or operation of SPC, this Court deems that it is equitable to leave the parties as "co" and equal owners of the marital stock in SPC with equal rights to receive the income generated by this stock.
h. The Wife is hereby awarded 50% of the parties' stock in SPC. John Harlow, as the current President and Chief Operating Officer of SPC is hereby authorized and directed to pay to the Wife exactly 50% of all funds otherwise payable to or on behalf of the Husband effective instanter.[[2]]
In fact, although the trial court recognized in the dissolution judgment that the former wife might need alimony in the event of non-compliance with the equitable distribution scheme, there was no indication in the judgment that the actual amount of any distribution of SPC funds to the former wife was tied to her needs. In the January 10, 2005, order on the former wife's motion for contempt, which converted to alimony the $98,806.50 owed to the former wife as her share of SPC profits up to that point, the trial court's stated reason for the conversion was to "equalize the distribution to the parties of funds from SPC...." No reference was made in the order to the specific needs of the former wife.[3]
In this case, as in a large number of dissolution cases, the failure of one spouse to comply with the equitable distribution scheme set forth in the dissolution judgment resulted in an increased need for support by the other spouse. However, any modification of the original nominal alimony must be based on the support needs of the former wife, and not merely constitute a veiled attempt to enforce the equitable distribution scheme.
In a case remarkably similar to this one, the Third District Court of Appeal determined that, notwithstanding language in a dissolution judgment which allowed the former wife to seek alimony if the former husband defaulted on equitable distribution payments, the former husband's failure to make the equitable distribution payments could not provide the basis for a finding of contempt. See Braswell v. Braswell, 881 So.2d 1193, 1198-1201 (Fla. 3d DCA 2004).
It is not totally clear why the former wife sought equitable distribution of the SPC income stream in lieu of alimony at dissolution. However, the former wife and her attorney made that choice, and they cannot now seek to enforce that choice through contempt.
NOTES
[1] Obviously, the award of lump sum alimony does not off-set any equitable distribution Former Husband owes Former Wife.
[2] Even though this part of the equitable distribution scheme may have been illegal, the issue of its illegality was not properly preserved for review in the appeal from the dissolution judgment.
[3] I would also note that any support award calculated merely as a percentage of the paying spouse's income would be illegal because it would fail to take into account the needs of the spouse receiving the support. See Hamilton v. Hamilton, 552 So.2d 929 (Fla. 1st DCA 1989).