WARNER, J.
A juvenile appeals the trial court’s orders of disposition and restitution, after his admission to burglary of a dwelling. He claims that the trial court erroneously included restitution for items not listed in the original charging document. The court also imposed a special condition of juvenile probation that the juvenile not associate with persons under supervision, members of gangs, or whose contact is prohibited by the juvenile’s probation officer, parent or guardian. He contends that these were not authorized conditions of release, were overbroad and vague, and violated separation of powers. As to both issues on appeal, we reverse the trial court, concluding that the court ordered restitution for items not contained in the charging document and that the conditions on release were not authorized, were over-broad, and violated separation of powers.

Restitution

The juvenile, T.J.J., entered a plea of no contest to burglary of a dwelling and agreed to pay restitution to the victim. The original charging document included a narrative and listed the items stolen as a “blue Dell lap top computer, ... assorted jewelry, a Sony PS3 [PlayStation 3] controller, three PS3 games, and a blue ray DVD system all valued at around $1,200.00.” The order notes that “these are the only items listed as having been reported stolen ... [and] no supplemental report regarding the stolen items was ever prepared, nor was an updated or amended narrative ever created.... ”
At the restitution hearing, however, the court entered an order requiring payment for assorted items of jewelry, fifty video games which included 20 PS2 video games and 30 PS3 video games, a PS3 controller, five Blue Ray DVD video games, and assorted coins and change. These all totaled $2,718, or more than twice what the charging document states. Over objection by T.J.J., the court entered an order requiring restitution in this amount.
“[W]hen a defendant agrees to pay restitution as part of a plea agreement, the defendant’s agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea....” Malarkey v. State, 975 So.2d 538, 540-41 (Fla. 2d DCA 2008); see also Siminski v. State, 1 So.3d 1161, 1162 (Fla. 2d DCA 2009) (reversing a restitution award where, “[a]t the restitution hearing, several more items were claimed to be missing and ascribed to Mr. Siminski’s theft” than were listed in the factual basis for defendant’s plea). Here, as even the state concedes, the trial court authorized restitution for items not contained in the charging document nor within the facts admitted by the juvenile at the time of the plea. In particular, the state admits that 47 video games and the assorted coins and change were not included. As to the jewelry, although the specific items were not listed in the charging document, T.J.J. was charged with taking “assorted jewelry.” Thus, the court’s inclusion of the value of the items listed at the restitution hearing is within the charging document. We conclude also that the Blue Ray DVDs are within the charging document, as the state charged T.J.J. with taking a Blue Ray system, and Blue Ray DVDs can be considered part of that system. T.J.J. also admitted to taking some DVDs.
We therefore partially reverse the order of restitution with directions to delete therefrom restitution for the coins and all video games except three PS3 games. Otherwise, we affirm the award. Although T.J.J. makes a challenge to the trial court’s *638 valuation of various items, he did not make any objection at the restitution hearing. Therefore, the issue is not preserved for appeal.

Special Condition of Juvenile Probation

The trial court imposed a special condition of probation on T. J. J. That condition provided for no contact between T.J. J. for general groups of persons:
The child shall have no voluntary, willful and knowing contact with:
1) any person on probation or under any supervision by any juvenile or adult court;
2) any known or organized criminal street gang or gang members; or
8) any person whose contact or association is prohibited by his or her juvenile probation officer (JPO), par-entis), guardian(s), or custodian(s). Before having voluntary, willful and knowing contact with any persons outside of school, the child has the affirmative obligation to make an inquiry with his or her JPO to determine if that person is on probation or under any supervision by any juvenile or adult court. JPOs are authorized to permit, or refuse to permit, in their discretion any such voluntary, willful and knowing contact between the child and any such youth and/or adults who are not related by blood or marriage to one another on a case-by-case basis.
Defense counsel objected to this provision as: (1) not authorized by statute or rule; (2) vague and overly broad; (3) violating the separation of powers doctrine; and (4) violating double jeopardy. He appeals the inclusion of this condition of his probation.
Neither section 985.435, Florida Statutes (2012), nor Form 8.947 of the juvenile rules of procedure contains as a condition of probation, a blanket prohibition of willful contact with anyone on supervision by juvenile or adult court, a member of a criminal gang, or someone whom the child’s parent, guardian or probation officer prohibits the child from contacting. The statute contains no provision respecting contact with others; the form contains only a special condition prohibiting contact with the victim. The form contemplates that the order will include the name of a specific person. (“The child may have no.contact with victim(s),.(name(s)).”). Because it was not a statutorily imposed general condition, the condition must be related to the crime committed. See Biller v. State, 618 So.2d 734, 734-35 (Fla.1993). “A special condition of probation is invalid if a condition has no relationship to the crime committed, relates to conduct which is not in itself criminal or forbids conduct that is not reasonably related to future criminality.” A.M.B. v. State, 917 So.2d 239, 240 (Fla. 5th DCA 2005) (quoting Trent v. State, 770 So.2d 1272, 1274 (Fla. 4th DCA 2000)). Here, the condition is invalid under that test. There is no evidence in the record that the condition has any relationship to the crime charged; it is not illegal for a juvenile to contact a person under supervision or prohibited by a parent; and mere contact does not constitute conduct reasonably related to future criminality.
In addition, the condition is invalid for vagueness and overbreadth. The court may not impose conditions which are over-broad and could be violated unintentionally by the supervised individual. See Hughes v. State, 667 So.2d 910, 912 (Fla. 4th DCA 1996). Even though the court required willful and voluntary contact for a violation, the juvenile still could be considered in violation if he didn’t check with his probation officer prior to any contact with an individual outside school. Since “con *639 tact” is not defined, this could be as simple as saying a word or two to a neighbor or store clerk, if that person were under juvenile or adult supervision. Furthermore, the child would have to obtain substantial personal information from any person he wanted to come into contact with in order to provide it to his probation officer, something he could not do without having contact with an individual.
This case is similar to Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989), where the court struck as invalid a condition of probation that the probationer could not be within three blocks of a “high drug area” as defined by his probation officer. Such a condition was too vague to apprise the defendant of his limitations, according to the court, and could be violated unintentionally should the probation officer not inform him of the location of a high drug area. Id. at 617. Likewise, the condition on T.J.J. to avoid any contact with supervised individuals, gang members, or other persons for whom contact is prohibited by his parents or probation officer does not apprise T.J. J. of his limitations. He essentially cannot come into contact with any individual outside school without first contacting his probation officer, which he has an affirmative duty to do to avoid violation of the condition. Moreover, the provision does not define what constitutes a criminal gang such that the juvenile can know whom to avoid. The provision is both undefined and overbroad.
Finally, T.J.J. argues that the condition that he have no voluntary, willful and knowing contact with “any person whose contact or association is prohibited by his or her juvenile probation officer” should be stricken because it violates the separation of powers doctrine. We agree.
 Only a court can set conditions of probation. In re T.L.D., 586 So.2d 1294, 1294 (Fla. 4th DCA 1991). In T.L.D., this court struck a special condition requiring the appellant to “follow the conditions imposed by the community control counsel- or.” Id. “[A] trial court reversibly errs when it delegates judicial responsibility to a probation officer.” Id. Here, the trial court delegated to the probation officer and parents the authority to expand or contract the individuals whom T.J.J. is prohibited from contact. This delegated a judicial function, which is error.
T.J.J. also argues that the clarified condition requiring the “affirmative obligation to make an inquiry with his or her JPO to determine if that person [with whom the defendant wishes to contact] is on probation or under any supervision” violates double jeopardy because it amounts to an additional condition imposed after the sentence was originally imposed without any proof that the defendant violated the terms of his probation. The state concedes that this “affirmative obligation” was not a part of the original condition and was added only after the defendant’s motion to correct disposition order.
Probation cannot be enhanced without first a determination that the probationer violated probation. J.H. v. State, 71 So.3d 202, 204 (Fla. 5th DCA 2011) (citing § 948.06, Fla. Stat. (2010)). The state concedes this argument in its answer brief. We agree, although because we are directing the deletion of the provision, no additional relief is necessary.
For the foregoing reasons, we reverse the special condition of probation. Because there are no facts in this record to suggest that a condition prohibiting contact with others is related to this case, we order its deletion from the special conditions of probation.

*640
Reversed and remanded to comet the restitution order and conditions of probation consistent with this opinion.

GROSS and FORST, JJ., concur.