# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2089
Lower Tribunal No. 2019-CF-000703-AXXX-XX

_____

PAMELA VANDEURSEN THIME,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Ramiro Mañalich, Judge.

May 8, 2026

PER CURIAM.

Pamela Vandeursen Thime appeals the trial court's judgment and sentence for grand theft from a person 65 years or older. Because Thime stole more than $50,000 from the victim, this was a first-degree felony. *See* §§ 812.014, 812.0145(2)(a), Fla. Stat. (2017). We have jurisdiction. *See* Fla. R. App. P. 9.140(b)(1)(A). We affirm without further discussion Thime's challenges to her conviction. We discuss in greater detail, though, two challenges to her sentence. Thime preserved these arguments through a motion to correct a sentencing error, which the trial court

denied. *See* Fla. R. Crim. P. 3.800(b)(2); *Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008). Our review is de novo. *See Kim v. State*, 421 So. 3d 862, 864 (Fla. 6th DCA 2025), *review granted*, No. SC2025-1666, 2026 WL 234896 (Fla. Jan. 29, 2026). We reverse Thime's sentence on two bases, but otherwise affirm her judgment and sentence.

First, the trial court erred by imposing three special conditions of probation. It prohibited Thime from acting as a signor on another's bank, credit card, or financial account. It also prevented her from having direct access to another's funds. And it precluded her from engaging in any business with anyone over the age of 65. A special condition of probation "is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." *Biller v. State*, 618 So. 2d 734, 734–35 (Fla. 1993) (quoting *Rodriguez v. State*, 378 So. 2d 7, 9 (Fla. 2d DCA 1979)). A special condition of probation also fails if it is overbroad, such that a probationer could violate it unintentionally. *See S.M. v. State*, 422 So. 3d 1188, 1192 (Fla. 6th DCA 2025) (citing *Dean v. State*, 629 So. 2d 1106, 1106 (Fla. 4th DCA 1994)).

The special conditions preventing Thime from signing on another's bank, credit card, or financial account and directly accessing another's funds do not fall within *Biller*'s constraints. Thime did not steal from the victim through these means,

2

and this conduct is neither inherently criminal nor reasonably related to future criminality. The special condition precluding Thime from doing business with anyone older than 65 years old satisfies *Biller* because it relates to her crime. But it is illegally overbroad because Thime could violate it unintentionally, for example, via an online purchase. We direct the trial court to strike these special conditions.

Second, the trial court erred when it entered a restitution order after Thime filed her notice of appeal. While the parties agreed on the overall restitution amount during sentencing, the trial court lacked jurisdiction to order a minimum monthly payment because Thime's direct appeal was pending. *See Thomas v. State*, 287 So. 3d 705 (Fla. 5th DCA 2020). The trial court may reissue this order on remand.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

TRAVER, C.J., and WOZNIAK and PRATT, JJ., concur.

Blair Allen, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and William A. Leto, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED