PER CURIAM.
Margaret Therrien was convicted of ten counts of third degree grand theft, a third degree felony. She was placed on community control and ordered to pay restitution. When she failed to pay the restitution, the court revoked her community control and sentenced her as follows:
Count 12: 2 years’ community control, followed by 3 years of probation.
Count 13: 2 years’ community control, consecutive to the community control in Count 12.
Count 11/.-17: A 5 year term of probation for each count; consecutive to each other, and to the probation in Count 12.
Counts 18-22: A 5 year term of probation for each count, concurrent to one another, and concurrent to the probation in Count 12.[1]
Therrien’s judgment and sentence fails to credit her for the time she previously served on community control. Consequently, the sentences for Counts 12 and 14 through 22 exceed the statutory maximum penalty of 5 years which may be imposed for the commission of a third degree felony. Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). Therefore, we reverse the sentences imposed for those counts and remand this case to the trial court for resentencing.
We reject Therrien’s contention that the evidence was insufficient to revoke her previously imposed community control.
Judgment AFFIRMED, Sentences REVERSED in part, REMANDED.
HARRIS, C.J., and DAUKSCH and GOSHORN, JJ., concur.

. The counts refer to the count numbers in the original information.