PER CURIAM.
Appellant, Thalia Janet Papalas, pled nolo contendere to possession of cocaine, specifically reserving her right to appeal the denial of her motion to suppress the cocaine. Appellant argues on appeal that (1) the trial court erred in denying appellant’s motion to suppress and, (2) the seizure of cocaine was beyond the scope of a valid frisk pursuant to section 901.151, Florida Statutes. We hold that the trial court erred in denying appellant’s motion to suppress and reverse.
At 6:40 p.m. on April 22, 1993, Officer Van Nelson observed appellant stagger from the rear of a restaurant to First Avenue. As Officer Van Nelson drove by appellant, he noted that appellant was doing “double takes” at his car. Officer Van Nelson followed Appellant for a block or a block and a half. Officer Van Nelson observed that appellant was extremely unsteady and was staggering in and out of the road. Appellant was staggering on a road used by cars. There were no sidewalks in the area. Appellant was not screaming or "carrying on, was not boisterous, was not causing a scene and did not cause any traffic jams or accidents. Officer Van Nelson testified that appellant was not committing a crime, except that she might have been a harm to herself. Officer Van Nelson testified that, other than a possible disorderly intoxication, appellant was not committing any other crime.
Officer Van Nelson eventually stopped his car and asked appellant if she was okay. Appellant responded that she was drunk and had been drinking all afternoon. Officer Van Nelson observed that appellant had a heavy odor of alcohol on her breath. Appellant also had slurred speech and bloodshot eyes. Offi-. cer Van Nelson asked appellant for identification, but appellant did not have any identification. Officer Van Nelson testified that, when he asked appellant for identification, she was not free to leave. Officer Van Nelson noted that he needed to take appellant into custody for her own safety.
Officer Van Nelson patted appellant down for weapons. Officer Van Nelson admitted that, prior to the pat-down, appellant was not making assertive movements such as reaching for a gun, reaching behind her back, reaching into her pockets or appearing to conceal evidence. Officer Van Nelson admitted that he had no reason to believe that appellant was armed. When patting down appellant, Officer Van Nelson did not feel any large objects. Officer Van Nelson noted that appellant’s front right pocket contained several items. After Officer Van Nelson *155 asked appellant what was in her pocket, appellant reached into her pocket and dropped a handful of items on the hood of the car. The items included several small packets of cocaine.
The state argued that the search of appellant was incident to a valid arrest for disorderly intoxication. Appellant was not arrested for disorderly intoxication. Rather, she was arrested for and charged with possession of cocaine after the unlawful search of her person.
The trial court found that the public safety was endangered by appellant’s weaving and stumbling in and out of a public roadway used by motor vehicles. In denying appellant’s motion to suppress, the trial court reasoned that, using an objective standard, the arrest and subsequent search of appellant were valid. We hold that the trial court erred in finding that the elements of disorderly intoxication were met.[1] Although appellant may have endangered someone in the future, at the time of her arrest, she had not endangered anyone or created a public disturbance.
We hold that the trial court erred in denying appellant’s motion to suppress. Upon stopping appellant, Officer Van Nelson did not seize appellant or place appellant under arrest for disorderly intoxication. Officer Van Nelson had no probable cause to believe that appellant was guilty of disorderly intoxication. The search of appellant therefore cannot be justified as a search incident to a valid arrest.
The search of appellant cannot be justified as a search pursuant to an investigatory stop and protective frisk for weapons. Section 901.151, Florida Statutes, authorizes the temporary stop and detention of an individual based upon a founded suspicion of criminal activity. M.A.H. v. State, 559 So.2d 407 (Fla. 1st DCA 1990). Section 901.151 further authorizes a pat-down search to the extent necessary to disclose a weapon, if the officer has probable cause to believe that an individual is armed. L.D.P. v. State, 551 So.2d 1257 (Fla. 1st DCA 1989).
In the present case, Officer Van Nelson was not justified in stopping appellant pursuant to section 901.151. Even if the stop of appellant were valid, Officer Van Nelson lacked probable cause to believe that appellant was armed.
Accordingly, we reverse the denial of appellant’s motion to suppress.
ALLEN, WEBSTER and DAVIS, JJ., concur.

. Section 856.011(1), Florida Statutes, provides: No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.