WOLF, Judge.
Appellant is appealing from a judgment and sentence imposed after he was convicted in a jury trial of possession of cocaine and possession of marijuana. Appellant alleges that the trial court erred in denying his motion to suppress evidence. We reverse the denial of the motion.
The search of defendant’s pockets exceeded the scope of either a pat-down for protection or the consent the officer had received to search the truck.[1] See State v. Smith, 632 So.2d 1086 (Fla. 5th DCA 1994), cert. denied, — U.S. —, 115 S.Ct. 290, 130
L.Ed.2d 205 (1994); Papalas v. State, 645 So.2d 153 (Fla. 1st DCA 1994); Howard v. State, 645 So.2d 156 (Fla. 4th DCA 1994). All the evidence was seized as a result of the illegal search and constitutes fruit of the poisonous tree. Rouse v. State, 643 So.2d 696 (Fla. 1st DCA 1994).
Because this issue is dispositive of this case, we reverse appellant’s conviction and remand with instructions that appellant be discharged.
ERVIN and MINER, JJ., concur.

. Additionally, any consent given by the defendant to search the vehicle was clearly withdrawn when he grabbed items from the police officer and drove away. See Jiminez v. State, 643 So.2d 70 (Fla. 2d DCA 1994).