649 So.2d 326 (1995)
Christina GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0547.
District Court of Appeal of Florida, Fifth District.
January 27, 1995.
*327 James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven J. Guardiano, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Christina Gordon appeals the sentence which was imposed by the trial court after the court adjudicated her guilty of violating her probation for the offense of burglary of a structure.[1] We agree with several of the contentions raised in this appeal and, thus, vacate Gordon's sentence and remand this matter for further proceedings consistent with this opinion.
On November 10, 1987, the trial court placed Gordon on five years probation for the offense of burglary of a structure, which was committed in June 1986. An affidavit of probation violation was later executed on February 15, 1988, and filed with the clerk of the court on February 22, 1988. A warrant for Gordon's arrest was issued on February 17, 1988, but Gordon was not arrested on this warrant until four years later, May 20, 1992. On July 17, 1992, the trial court adjudicated Gordon guilty of violating her probation and then placed her on three years of probation.
Two months later, on September 24, 1992, a second affidavit of violation of probation was filed. Gordon was arrested for this violation on December 27, 1993, and on March 3, 1994, the trial court adjudicated her guilty *328 and sentenced her to four years incarceration followed by one year of probation.
The state properly concedes that the trial court erred in imposing this four-year sentence because, under the statute in effect on the date of Gordon's offense, the trial court was required to sentence Gordon within the recommended sentencing guidelines range unless the trial court provided contemporaneous written reasons justifying a departure sentence. See § 921.001(6), Fla. Stat. (1985). The statutory provision authorizing the trial court to sentence a defendant within the permitted range without written reasons was not enacted until after the date of Gordon's offense.[2]See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374, 375 (Fla. 1988); Ch. 88-131, Laws of Fla.; § 921.0015, Fla. Stat. (Supp. 1988). We note, however, that because the trial court did not realize that it was imposing a departure sentence, on remand the trial court may impose a departure sentence if valid contemporaneous written reasons are provided. See State v. Betancourt, 552 So.2d 1107, 1108-09 (Fla. 1989); Hicks v. State, 640 So.2d 1221, 1222 (Fla. 5th DCA 1994). Alternatively, the trial court may bump up Gordon's sentence one cell for each of the violations of probation, for a total of two cells; however, as the state properly concedes, Gordon's sentence may not exceed three years incarceration. See Williams v. State, 594 So.2d 273 (Fla. 1992).
We also must vacate the one-year term of probation imposed by the trial court. Upon revocation of probation, the time a probationer has served on probation for a given offense must be credited toward any new term of probation imposed for that offense in order to insure that the total period of probation does not exceed the statutory maximum for the offense. State v. Summers, 642 So.2d 742 (Fla. 1994); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). Here, Gordon's burglary-of-a-structure conviction is a third-degree felony, carrying a maximum sentence of five years. See §§ 810.02, 775.082(3)(d), Fla. Stat. (1985). The instant record indicates that Gordon has already served five years probation and, thus, imposition of any additional probation constitutes an illegal sentence.
In so ruling, we reject the state's contention that Gordon is entitled only to receive credit for the time that she was on probation and not in violation of any of her conditions of probation because, as we noted in Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991), "probation is not normally suspended or tolled retroactively unless the probationer absconds from supervision."[3] Also, in Watson v. State, 497 So.2d 1294, 1294 (Fla. 1st DCA 1986), the court held that probation can only be terminated "by a valid order of revocation or the running of its term, and not by the mere execution of an arrest warrant for violation of probation."
We further rule that the trial court erred in assessing a $100 public defender's lien without advising Gordon of her right to a hearing to contest the amount of the lien as required by Florida Rule of Criminal Procedure 3.720(d)(1). In resentencing Gordon on remand, the trial court shall comply with rule 3.720(d)(1) before assessing a public defender's lien. See Craig v. State, 643 So.2d 50 (Fla. 5th DCA 1994). We reject the state's contentions that Gordon waived this issue by failing to object below and that the $100 is so insignificant that this court should ignore this issue. The failure of the trial court to give *329 Gordon adequate notice and an opportunity to be heard on the matter of the public defender's lien constitutes fundamental error and, therefore, such error is not subject to the requirement of a contemporaneous objection or a finding of an implied waiver. McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990). See also Henriquez v. State, 545 So.2d 1340 (Fla. 1989); Wood v. State, 544 So.2d 1004 (Fla. 1989).
It was also error for the trial court to order Gordon to pay $12 to First Step of Volusia County without referencing the statutory authority for the imposition of such costs. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc). See also Craig v. State, 643 So.2d 50 (Fla. 5th DCA 1994). In accordance with this court's opinion in Tibero, this cost item is stricken.
Conviction AFFIRMED; sentence VACATED; cause REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See § 810.02, Fla. Stat. (1985).
[2] The date of Gordon's 1986 burglary offense determines the applicable statute for sentencing. See Marion v. State, 582 So.2d 115, 116 (Fla. 3d DCA 1991). See also DeAngelis v. State, 605 So.2d 175, 176 (Fla. 4th DCA 1992). Sentencing Gordon within the permitted range without providing written reasons for a crime committed before the statute's effective date authorizing such sentence would violate the ex post facto clause of the United States Constitution. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
[3] As noted in Kolovrat, where a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision. Kolovrat, 574 So.2d at 297. See also Ware v. State, 474 So.2d 332, 334 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986). Thus, on remand, if the trial court determines that Gordon did abscond during her probationary supervision, the trial court may reconsider imposing an additional probationary sentence.