GOSHORN, Judge.
Margaret Therrien timely appeals the re-resentencing order entered pursuant to this court’s mandate in Therrien v. State, 632 So.2d 283 (Fla. 5th DCA 1994) (Therrien I). She argues that the court erred in failing to credit her for the time served on community control/probation pending disposition of the charge that she had violated community control/probation.
Therrien was convicted in 1991 of eleven counts of third degree grand theft, third degree felonies, and twelve misdemeanors and was placed on community control and probation. Ten months later, a warrant alleging her violation of community control was issued. The violation was based on Ther-rien’s failure to make any of the required $300 per month restitution payments. In April, 1993, the court revoked her community control and resentenced her to community control followed by additional years on probation. Therrien appealed. In Therrien I, this court held that the trial court, upon resentencing, erroneously failed to credit Therrien for the time already served on community control.[1] Resentencing pursuant to this court’s mandate in Therrien I was held in July, 1994.
On appeal from the resentencing, Therrien argues that she should have received credit for the time she spent on community control between the date of her arrest (for violating the terms of her community control) and the date of her disposition hearing. During this period, Therrien was released on her own recognizance. We are unable to determine from the record whether, during this period, Therrien was under her community control officer’s supervision as her attorney contended below, or if she was on a nonreporting status pursuant to her ROR release, as the state now argues on appeal. Accordingly, we vacate the sentence imposed and remand for an evidentiary hearing to determine if Ther-rien continued with her community control while on ROR status. If so, she is entitled to the additional credit for time served. See Gordon v. State, 649 So.2d 326 (Fla. 5th DCA 1995); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991); Watson v. State, 497 So.2d 1294 (Fla. 1st DCA 1986).
SENTENCE VACATED; REMANDED.
HARRIS, C.J. and PETERSON, J., concur.

. The additional probationary term, when added to the time already served, exceeded the statutory maximum for third degree felonies.