ANTOON, Judge.
The state appeals the defendant’s sentence which was imposed for the offenses of forgery,[1] and fraudulent use of a credit card.[2] Specifically, the state contends that the defendant’s sentence is an improper downward departure from the guidelines because no contemporaneous written reasons were provided by the trial court to support the departure. We agree and, therefore, reverse.
As a result of having violated his probation, the defendant appeared before the trial court for sentencing. The scoresheet reflected a recommended sentencing range of five-and-one-half to seven years incarceration, and a permitted sentencing range of four-and-one-half to twelve years incarceration. The trial court departed from these *1020 guidelines, sentencing the defendant to ninety-nine days in the Orange County jail followed by three years’ probation. In so doing, the trial court failed to provide a written statement setting forth the reasons for the downward departure as required by rule 3.701(d)(ll), Florida Rules of Criminal Procedure. Failure to provide written reasons for departure requires reversal. Gordon v. State, 649 So.2d 326, 327 (Fla. 5th DCA 1995). Therefore, the defendant’s sentence must be vacated, and this matter remanded for imposition of a guideline sentence. See Pope v. State, 561 So.2d 554 (Fla.1990).
Judgment AFFIRMED, Sentence VACATED; cause REMANDED.
DAUKSCH and HARRIS, JJ., concur.

. § 831.01, Fla.Stat. (1991).

. § 817.61, Fla.Stat. (1991).