673 So.2d 155 (1996)
Daniel R. FELLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-982.
District Court of Appeal of Florida, Fifth District.
May 14, 1996.
*156 Daniel R. Fellman, Brooksville, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for appellee.
W. SHARP, Judge.
This is an appeal of the summary denial of a Rule 3.850 motion. Appellant claims that the trial court failed to properly award credit for the successful completion of community control and probation, resulting in a total penalty exceeding the statutory maximum of five years. We agree.
Appellant was placed on probation for five years on February 9, 1990. On February 3, 1993, after appellant had successfully completed almost three years of probation, an affidavit of violation was filed, and appellant was arrested. On April 8, 1993, he pled guilty to the violation and the trial court imposed one year of community control and one year of probation. On March 22, 1994, a second affidavit of violation was filed and appellant was arrested. On July 22, 1994, the trial court reimposed a term of two years probation. Finally on March 29, 1995, a third affidavit of violation was filed, followed two months later by a fourth and fifth affidavit and on September 21, 1995, after appellant pled guilty, the trial court sentenced him to three years incarceration, with credit for 327 days. That sentence is illegal because the appellant had served the statutory maximum term prior to the filing of the third affidavit.
First, as we stated in Gordon v. State, 649 So.2d 326 (Fla. 5th DCA 1995), appellant was on probation until an order of revocation was entered. Therefore, in calculating the amount of probation served, the time appellant was awaiting resolution of the affidavits of violation must be included. Appellant is also entitled to have the periods previously served on probation or community control considered when probation is reimposed after a revocation. See Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). Thus, when probation was reimposed after the second violation, the total term of supervision, including jail time, could not exceed the statutory maximum of five years. It did. If those periods are added together, appellant had served the statutory maximum a month before the third affidavit was filed. At that point, the trial court's jurisdiction had expired and the third affidavit should have been dismissed. See State v. Hall, 641 So.2d 403 (Fla.1994). Accordingly, the order denying post-conviction relief is reversed and the appellant is hereby ordered released and discharged. No motion for rehearing will be entertained, and the mandate shall issue forthwith.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.