676 So.2d 1041 (1996)
Anita FRANCOIS a/k/a Anita Frances, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2419.
District Court of Appeal of Florida, Third District.
July 3, 1996.
Bennett H. Brummer, Public Defender, and Suzanne M. Froix, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven Groves, Assistant Attorney General, for appellee.
*1042 Before NESBITT, COPE and FLETCHER, JJ.
COPE, Judge.
Anita Francois appeals an order revoking her probation and sentencing her to incarceration. The principal questions presented are (1) how to calculate credit for time served on probation, and (2) how to apply State v. Summers, 642 So.2d 742 (Fla.1994), to probation orders imposed prior to the date of the Summers decision.
In 1989 defendant-appellant Francois pled nolo contendere to two counts of public assistance fraud under section 409.325, Florida Statutes, a third degree felony. She was initially placed on two years' probation.[1] In 1990, 1993, 1994, and 1995, affidavits of violation of probation were filed. The trial court found the defendant in violation in each instance. In 1990, 1993, and 1994, the court extended the probationary period. The 1994 extension was specifically accomplished by stipulation of the state and the defendant.
Upon hearing the 1995 revocation proceeding, the trial court found the defendant in violation of her probation for failure to make restitution payments, revoked her probation, imposed adjudication of guilt, and sentenced the defendant to ninety days' incarceration.[2] The court also imposed a criminal order of restitution. Defendant has appealed.

I.
In State v. Summers, the Florida Supreme Court held "that upon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense."[3]Id. at 744. Defendant states that she is entitled to credit for all time satisfactorily completed on probation. She asserts that time "satisfactorily completed" includes all time from the date that the probation order was entered, through the date of the order revoking probation. She states that in this case, each order of revocation of probation (except the final one) was accompanied by an order extending the probation date. Consequently, she reasons that her probationary period ran in one unbroken sequence beginning with the original probation order entered April 17, 1989. She calculates, therefore, that her probationary term expired on April 17, 1994. Consequently, under defendant's reasoning, the trial court lost jurisdiction over the defendant on April 17, 1994, and had no jurisdiction to entertain the June 1994 or June 1995 affidavits of violation of probation. See Fellman v. State, 673 So.2d 155 (Fla. 5th DCA 1996). She contends, therefore, that the 1995 revocation order now under review must be reversed.
We disagree with the defendant's method of computing time. In our view the defendant is entitled to credit for time satisfactorily completed on probation. As we see it, this means that no credit should be given for the time periods in which the defendant is in violation of the probation order. Thus, credit for time spent on probation would begin with the date of entry of the probation order, but would cease at the date the court found the probation violation occurred, or if that date cannot be ascertained, then the date of the filing of the affidavit of violation of probation. The order revoking probation relates back to the date that the probation violation occurred.[4]
*1043 A probation order contains conditions which are properly viewed as imposing "legal constraint" on the defendantso long as the conditions are obeyed. Upon violation of the probation order in a material wayespecially by commission of a new crime, but also if other material violations occurit is to our way of thinking unreasonable to continue to grant the defendant credit for time served on probation, when the defendant is not abiding by the probation conditions.
We acknowledge that the Fourth and Fifth Districts follow a contrary rule. As stated in Hughes v. State, 667 So.2d 910 (Fla. 4th DCA 1996), "[i]n calculating the amount of credit, the court must consider the time served from the date probation was imposed to the date of revocation." Id. at 912 (citation omitted); see also Fellman v. State, 673 So.2d at 155; Marchessault v. State, 659 So.2d 1315 (Fla. 4th DCA 1995); Gordon v. State, 649 So.2d 326, 328 (Fla. 5th DCA 1995). However, no credit will be given if the probationer absconds from supervision. Hughes v. State, 667 So.2d at 912; Gordon v. State, 649 So.2d at 328 & n. 3; Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991). The logic of the Fourth and Fifth District rule appears to be that the defendant remains obliged (at least in theory) to obey the probation order until such time as it has been revoked or the probationary term has expired. To our way of thinking, the fact that the probation order remains outstanding is not a reason to grant the defendant credit if the defendant is not obeying the order. Likewise, we fail to see why one type of violationabsconding from supervisionwould cause credit for time served on probation to cease, while allowing probationers guilty of other violationsincluding commission of new law violationsto continue to receive credit for probation time served.[5] We certify direct conflict with the Fourth and Fifth District cases just cited.
In sum, we think that probation must be administered so as to create incentives for good behavior and obedience to the conditions of probation. Credit should be withheld for the time period subsequent to the date of violation.[6]

II.
The state contends that regardless of how the time is calculated, the defendant cannot accept the benefits of a probation order and then challenge the legality of the probation order after violation of probation. We agree.
Under the probation statute, upon violation of probation the trial court may revoke probation and impose any sentence allowed by law. § 948.06(1), Fla. Stat. Prior to the decision of Summers in September 1994, it was thought that if the trial court decided to impose a new term of probation, the court could impose any term of probation within the legal maximum, without giving credit for time previously served on probation. See State v. Holmes, 360 So.2d 380, 383 (Fla. 1978); see also State v. Summers, 642 So.2d at 743.
In the present case the trial court in 1993 and 1994 entered orders extending the probationary period for an additional year on each occasion. Each one-year extension was less than the five year statutory maximum. Defendant did not appeal the 1993 and 1994 probation orders, and in fact, in 1994 stipulated to the one-year extension.
After the defendant's 1993 and 1994 probation orders were entered, the Florida Supreme Court announced State v. Summers. Defendant did not move to modify her probation order based on Summers. In June, *1044 1995, an affidavit of violation of probation was filed. Defendant again argued for an extension of her probationary period, but the trial court found the defendant to be in violation and imposed ninety days incarceration. After incarceration had been imposed, defendant for the first time raised her argument under State v. Summers that her term of probation should be treated as having expired prior to the filing of the affidavit of violation.
The question presented is how State v. Summers should be applied to otherwise lawful probation orders which were entered prior to September 22, 1994, the date that Summers was decided. We find instructive the approach taken by the Florida Supreme Court in dealing with a comparable issue in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980). In Villery, the court interpreted another portion of chapter 948, the probation statute, which authorized trial courts to impose split sentences of incarceration followed by probation. Under Villery-type split sentences, the term of incarceration was imposed as a condition of probation. Often the period of incarceration the defendant was required to serve would last for a number of years.
In Villery, the Florida Supreme Court concluded that where incarceration was imposed as a condition of probation, the incarceration term could not exceed one year. 396 So.2d at 1111-12. The court held that "incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.03(2), which equals or exceeds one year is invalid." Id. at 1111. This ruling was held to be retroactive. Id.
The question was then presented about how to deal with Villery-type split sentences which had already been imposed. The court took the position that where the incarceration portion of the split sentence exceeded one year, the sentence was voidable. Forbert v. State, 437 So.2d 1079, 1080-81 (Fla.1983); Brod v. State, 437 So.2d 152, 153 (Fla.1983); Beech v. State, 436 So.2d 82, 83-84 (Fla. 1983). Thus, "one who has been given a split sentence probation contrary to the mandate of this [Villery] decision is entitled upon application to have the illegal order corrected." Villery, 396 So.2d at 1111-12. The Villery decision described in some detail the various resentencing alternatives which were available to the trial court. Id. at 1112.[7] Insofar as pertinent here, Villery stated that at the time of resentencing, "[i]f a condition of probation is found to have been violated, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the defendant on probation." Villery, 396 So.2d at 1112 (citation omitted).
In a post-Villery case analogous to the present one, a defendant completed his incarceration term and violated his post-incarceration probation. Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984). After being sentenced to incarceration the defendant contended on appeal that his underlying split sentence was illegal in violation of Villery. This court noted that the challenge to the legality of the probation was not raised until after defendant had violated probation. "In similar cases we have held consistently that a guilty defendant may not accept and enjoy a probation, then challenge it as illegal after violating its terms." Id., citing Preston v. State, 411 So.2d 297 (Fla. 3d DCA), rev. denied, 418 So.2d 1280 (Fla.1982); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla.1980). See also Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995); Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991).
We therefore conclude that defendant's challenge to the legality of the probationary term came too late, as it was not raised until after she had enjoyed the benefit of the extended probationary term, and after she had violated probation. Even if she had timely raised the issue of the legality of the probationary term, she only would have been *1045 entitled to a resentencing, not to outright discharge.
For the reasons stated, the convictions and sentences are affirmed.
Affirmed; direct conflict certified.
NOTES
[1] There was a discrepancy between the written probation order and the trial court's oral pronouncement. The state has demonstrated the existence of a transcription error. The written order is correct.
[2] Defendant has completed her 90-day sentence. However, because the trial court had previously withheld adjudication of guilt, and only adjudicated her guilty of the two felony charges at the time of the 1995 revocation, there is still a live controversy.
[3] We do not interpret Summers as addressing the question of how to calculate time served on probation, and more particularly, the question whether a defendant is entitled to credit for time served after he or she has violated probation.
[4] By way of analogy, if the processes of the court have been set in motion to revoke probation prior to the expiration of the probationary period, such as by issuance of an arrest warrant or the filing of an affidavit of violation of probation, that is sufficient to vest the court with jurisdiction to adjudicate the violation even though the probationary period expires before the revocation hearing is held. Carroll v. Cochran, 140 So.2d 300, 301 (Fla.1962); Fryson v. State, 559 So.2d 377, 378 (Fla. 1st DCA 1990). Even though the revocation hearing is held after expiration of the probationary period, the order of revocation is in substance deemed to relate back to the date of initiation of the revocation process.
[5] Where a defendant is incarcerated, it makes sense to grant credit for each day of time served unless the defendant has absconded, because there is a substantial deprivation of liberty for each day that the defendant is in custody. The analogy does not hold when applied to the very different circumstances of probation.
[6] Were it not for the analysis in Part II of this opinion, we would remand for calculation of credit for time served. However, for the reasons stated in Part II of this opinion a remand is unnecessary in this case.
[7] Essentially the trial court was given the discretion to reduce the probationary term, or resentence the defendant to any lawful sentence subject to certain limitations. Id. In some cases this resulted in the defendant being resentenced to a longer period of incarceration than the term originally imposed. See Forbert v. State, 437 So.2d at 1080; Brod v. State, 437 So.2d at 153; Beech v. State, 436 So.2d at 83.