695 So.2d 695 (1997)
Anita FRANCOIS, etc., Petitioner,
v.
STATE of Florida, Respondent.
No. 88540.
Supreme Court of Florida.
June 12, 1997.
*696 Bennett H. Brummer, Public Defender and Suzanne M. Froix, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General and Steven Groves, Assistant Attorney General, Fort Lauderdale, for Respondent.
SHAW, Justice.
We have for review Francois v. State, 676 So.2d 1041 (Fla. 3d DCA 1996), in which the district court certified conflict with the opinions in Hughes v. State, 667 So.2d 910 (Fla. 4th DCA 1996); Fellman v. State, 673 So.2d 155 (Fla. 5th DCA 1996); Marchessault v. State, 659 So.2d 1315 (Fla. 4th DCA 1995); Gordon v. State, 649 So.2d 326 (Fla. 5th DCA 1995); and Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash Francois.
In 1989, Anita Francois pled nolo contendere to two counts of public assistance fraud (Aid to Families with Dependent Children and Food Stamp) in violation of section 409.325, Florida Statutes (1987), a third-degree felony. The court withheld adjudication and sentenced Francois to two years of probation with the special condition that she make restitution in the amount of $3,748.
Francois violated probation by failing to make restitution payments in 1990, 1993, 1994, and 1995. The court extended the probationary period for the first three violations, but in the 1995 proceeding, the court adjudicated her guilty, imposed concurrent ninety-day jail sentences, revoked her probation, and entered a criminal order of restitution totaling $1,810.02, the amount for which she was in arrears. On appeal, Francois challenged the trial court's order on the ground that the court did not have jurisdiction to entertain the June 1994 or June 1995 affidavits of violation of probation where the five-year maximum probation term for thirddegree felonies terminated in April 1994.
The Third District Court of Appeal affirmed the trial court order and found that no credit should be given for the time interval existing between the date of a probation violation, if known (or if that date cannot be ascertained, the date an affidavit of violation of probation is entered) and revocation. Francois, 676 So.2d at 1042. In contrast, the Fourth and Fifth District Courts of Appeal calculate credit for time served on probation from the date probation is imposed to the date of revocation. Id. at 1043. Thus, the Third District certified conflict with the previously cited decisions from the Fourth and Fifth Districts.
In the instant case, the state argues that by excising the time period between the affidavit of violation and the revocation order, the district court below correctly calculated Francois' credit for time served on probation.[1] The state further maintains that in order to prevent Francois from being rewarded for "waiting out" the five-year statutory maximum for her charge, the trial court's jurisdiction over her term of probation should not cease until she satisfactorily fulfills the conditions of her probation. We disagree. In State v. Summers, 642 So.2d 742 (Fla. *697 1994),[2] we determined that the legislature did not intend to allow ad infinitum extensions of a probationary term that is otherwise subject to a statutory maximum. We held that
upon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.
Id. at 744. In addition, when a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation. State v. Hall, 641 So.2d 403 (Fla.1994).
We disagree with the Third District's conclusion that failure to satisfactorily meet the conditions of probation tolls the probationary period just as absconding from probation tolls the period. The situations are different because a probationer remains under supervisory restraint after an affidavit of violation is filed and an affidavit can be amended to include subsequent violation allegations. One who absconds from supervision is no longer under the controlling arm of the state.
We find that the trial court's jurisdiction over this case ceased on April 17, 1994, and the state did not file the 1994 and 1995 affidavits of violation of probation before the termination of the probationary period. We therefore conclude that the trial court was without subject matter jurisdiction to extend the probationary term following the June 13, 1994, affidavit,[3] or to impose a jail term following the June 9, 1995, affidavit.[4] Accordingly, we quash Francois, remand for proceedings consistent with this opinion, and approve Hughes, Fellman, Marchessault, Gordon, and Kolovrat.
It is so ordered.
KOGAN, C.J., and GRIMES, HARDING and ANSTEAD, JJ., concur.
OVERTON and WELLS, JJ., dissent.
NOTES
[1] The record reflects the following history:

1. Affidavit filed: October 16, 1990
 Revocation hearing: May 2, 1991
 Time interval: 198 days
2. Date of violation: April 26, 1993
 (Affidavit filed: April 30, 1993)
 Revocation hearing: June 17, 1993
 Time interval: 52 days
3. Affidavit filed: June 13, 1994
 Revocation hearing: June 29, 1994
 Time interval: 16 days
4. Date of violation: May 1, 1995
 (Affidavit filed: June 9, 1995)
 Revocation hearing: July 7, 1995
 Time interval: 67 days

Under the district court's reasoning, Francois would serve five consecutive years of probation (April 17, 1989, until April 17, 1994) and remain subject to an additional 250-day probationary term. The 250 days would represent the days which intervened between the filing of affidavits of violation of probation and revocation orders from April 17, 1989, and April 17, 1994.
[2] Summers was decided after Francois' violations, but it applies here because "disposition of a case on appeal is made in accordance with the law in effect at the time of the appellate court's decision" unless a substantive right is altered. State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983).
[3] It is irrelevant that Francois stipulated to extend the probation period until June 29, 1995, because the court was without subject matter jurisdiction. See Brautigam v. MacVicar, 73 So.2d 863 (Fla. 1954)("[M]ere mutual agreement between parties cannot confer subject-matter jurisdiction upon a court.").
[4] We find no merit to Francois' claim that she should be reimbursed for restitution payments made pursuant to the trial court's orders subsequent to April 17, 1994.