CAMPBELL, Acting Chief Judge.
Appellant, wf\o was sentenced to a new term of probation on a previous violation of probation, challenges the new term of probation, arguing that the court improperly failed to credit him for previous time served on probation. We agree and, accordingly, reverse and remand the probationary portion of appellant’s sentence for calculation of the proper amount of credit due appellant under Waters v. State, 662 So.2d 332 (Fla.1995) and Storey v. State, 684 So.2d 888 (Fla. 2d DCA 1996).
On a violation of previously-imposed probation, appellant was sentenced to seven years in prison to be followed by eight years of probation. The statutory maximum for sexual battery, a second degree felony, is fifteen years. However, appellant had already served three years on community control and/or probation before the violation. Appellant contends that, in imposing the new term of probation, the court should have credited him with time previously spent on probation.
The state concedes that the case must be remanded to credit appellant for the previous time served on probation, but argues that only that time that appellant satisfactorily served on probation must be credited. However, since the case used to support that argument has been subsequently quashed by the Florida Supreme Court (Francois v. State, 676 So.2d 1041 (Fla. 3d DCA 1996), quashed, 695 So.2d 695 (Fla.1997)), we reverse and remand appellant’s probationary term with directions to the trial court to calculate the amount of credit due appellant for the time he previously spent on probation against the new probationary term. See Waters v. State, 662 So.2d 332 (Fla.1995).
We caution the trial court in making this calculation that appellant is only entitled to credit against the newly-imposed probationary term if the combined total of incarceration and probation, added to the time appellant already served on probation or community control, exceeds the statutory maximum for appellant’s offense. See Sto-rey. Moreover, appellant is not entitled to credit for time previously spent on probation and community control against the newly-imposed seven-year term of incarceration.
FRANK and PATTERSON, JJ., concur.