PER CURIAM.
Appellant pled guilty to a number of counts of grand theft in 1990 and was given probation with the special condition that she make restitution. In 1993 she moved for modification on the ground that she would need more time to pay off the balance of the restitution, which -the court granted, extending the probationary time for an additional four years until 1997. In 1996 appellant filed *132 a motion to terminate probation on the ground that her offense carried a maximum sentence of five years, which had expired, and the court granted the motion. At the request of the prosecutor, however, the court entered a final judgment for restitution in the amount of $12,378, which appellant argues the court had no jurisdiction to do.
The state argues that appellant should be estopped from complaining about the extension of her probation so she could complete her restitution without violating it; however, a similar situation was presented in Francois v. State, 695 So.2d 695 (Fla.1997), and our supreme court rejected that type of argument.
In that case, as in this one, the trial court extended the probation because the defendant had been unable to make the restitution, and then when the court revoked because she had violated it, defendant argued that the trial court no longer had jurisdiction. Our supreme court agreed, holding that once the five year statutory maximum sentence for her crime had expired, the trial court was without subject matter jurisdiction to extend the probationary term. Similarly, in the present case, the maximum to which appellant could have been sentenced for the offense was five years, which had expired prior to the entry of the judgment of restitution. Accordingly, the trial court no longer had jurisdiction, and we are compelled to reverse the judgment of restitution.
The state cross-appeals the termination of probation, which we affirm for the same reason that we reverse the judgment.
GLICKSTEIN, KLEIN and SHAHOOD, JJ., concur.