ON MOTION FOR REHEARING
PER CURIAM.
Appellant, James Daniel Boykin appeals both the imposition of a sentence after an order revoking probation and a second sentence imposed upon conviction of a subsequent offense. The State properly concedes that the trial court lacked subject matter jurisdiction when it imposed the first sentence because the maximum period of incarceration for the offenses for which the sentence was imposed had expired before the affidavit of violation of probation was filed. Accordingly, without further discussion, we reverse the order of revocation of probation and sentence thereon. See Francois v. State, 695 So.2d 695 (Fla.1997); Fellman v. State, 673 So.2d 155 (Fla. 5th DCA 1996). The second sentence was imposed upon conviction of the subsequent offense of possession of a firearm by a convicted felon. Appellant seeks reversal and remand for recalculation of that sentence based upon alleged errors in the. guidelines scoresheet. Because of the points erroneously assessed for violation of probation related .to the first issue above, we reverse and remand for resentencing.
The four points assessed for appellant’s legal status in violation of probation are no longer applicable in view of the disposition of the first issue on appeal. The trial court utilized the supplemental sentencing guidelines scoresheet to calculate the appellant’s sentence, and sentenced him to the lowest sentence indicated. Accordingly, we cannot find this to be a harmless error, and reverse and remand. See Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991). We find that appellant did not preserve for appellate review his argument that it was improper to assess eighteen points for possession of a firearm. See § 924.051, Fla. Stat. (Supp. 1996). Moreover, we find no merit to appellant’s assertion that it was error to include those points. See Scott v. State, 700 So.2d 470 (Fla. 1st DCA 1997); Ramirez v. State, 677 So.2d 95 (Fla. 1st DCA 1996).
Accordingly, we reverse the sentence imposed upon revocation of probation, reverse the sentence imposed upon conviction of possession of a firearm by a convicted felon for reconsideration without the four points erroneously assessed for the violation of probation reversed in issue one, and remand for further proceedings consistent with this opinion.
MICKLE and DAVIS, JJ., and MCDONALD, PARKER L., Senior Judge, concur.