PER CURIAM.
Byron J. Tisdol appeals an order denying postconviction relief. We reverse for further proceedings.
Defendant-appellant Tisdol is incarcerated on Miami-Dade County circuit court *429 case numbers 93-2188 and 94-5876. He filed a motion for postconviction relief arguing, among other things, that the sentence in the 1994 case exceeded the legal maximum or was otherwise invalid.
In preparing its response in this court, the State candidly pointed out that the sentences the defendant received upon revocation of probation on September 22, 1998 appear to exceed the amount provided by his plea agreement approved by the court on April 15, 1998. The April 15 plea agreement resolved an earlier affidavit of violation of probation and provided that in the event of any further violation, the defendant would be sentenced to seventeen years imprisonment. Upon adjudication of a subsequent violation of probation at the hearing conducted September 22, 1998 the court imposed consecutive sentences in excess of the seventeen year term.
The State acknowledges that unless there was a subsequent modification of the April 15, 1998 plea agreement, the defendant would be entitled to be resentenced in accordance with the terms of the April 15, 1998 agreement.
Accordingly we remand for further proceedings to determine if there was any subsequent modification to the April 15, 1998 plea bargain and if not, to resentence the defendant according to the agreement. If there was a subsequent modification then the subsequent modification would, of course, control.
The defendant also argues that his term of probation in the 1994 case expired prior to the filing of the affidavits of violation of probation in mid 1998. He argues that the trial court lost jurisdiction in the 1994 case and that his sentence in the 1994 case must therefore be vacated. See Francois v. State, 695 So.2d 695 (Fla.1997).
At the time the trial court imposed its initial probationary disposition in the 1994 case, the defendant was of juvenile age. The court’s oral pronouncement was that the defendant met the criteria of, and qualified as, “a serious delinquent child.” TR. July 27, 1994, at 14. See §§ 39.01(46), 39.058, Fla. Stat. (1993). Under the applicable statute, a serious or habitual delinquent child remained under the jurisdiction of what was then the Department of Health and Rehabilitative Services until age twenty-one or until sooner discharged. See id. § 39.059(4)(c). The written disposition order in the 1994 case, however, stated that the defendant was being committed to the Department until he was nineteen or until sooner discharged. Order, July 27,1994.
When the State filed its affidavits of violation in mid 1998 in both cases, the defendant was twenty years old. He argues that under the terms of the written sentencing order, jurisdiction expired in the 1994 case when he turned nineteen, the previous year. He thus argues that his sentence in the 1994 case must be vacated. We disagree.
At the original disposition, the trial court twice stated that the defendant qualified as a serious delinquent child. We conclude that disposition was imposed as a serious delinquent child and that jurisdiction over the defendant continued until the defendant’s twenty-first birthday. See § 39.059(4)(e), Fla. Stat. (1993). That being so, we reject the claim that the court’s jurisdiction in the 1994 case expired on the defendant’s nineteenth birthday. To the extent that the written order says otherwise, it does not accurately reflect the court’s oral pronouncement.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.