PER CURIAM.
The appellant challenges the revocation of his probation and the sentence imposed as a result. Because it is not clear that the trial court retained jurisdiction to revoke the appellant’s probation imposed for his misdemeanor conviction for possession of drug paraphernalia, we reverse and remand for further proceedings.
The appellant pled no contest to possession of a controlled substance, cocaine, and possession of drug' paraphernalia and was sentenced to three years’ probation for possession of cocaine and one year of probation for possession of drug paraphernalia. He subsequently admitted violating the terms of his probation, and he was sentenced to 24 months’ imprisonment, which included a concurrent jail term for *182 the misdemeanor conviction of 11 months and 29 days. However, based on the record on appeal, it appears that the trial court lacked jurisdiction to revoke the appellant’s probation for the misdemeanor charge. See Aponte v. State, 896 So.2d 836 (Fla. 1st DCA 2005). Although the state suggests that the appellant’s probationary term may have been tolled while the appellant was incarcerated on an unrelated charge and absconded, § 948.06(1), Fla. Stat. (2001), an evidentiary hearing is required to establish that determination.
Accordingly, we affirm the revocation of the appellant’s probation and the sentence imposed for possession of cocaine but reverse the sentence for the misdemeanor conviction and remand the case to the trial court to determine the status of its jurisdiction.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BENTON, POLSTON, and HAWKES, JJ., concur.