PER CURIAM.
 

 Kennard Owens appeals his sentence for violation of probation. Owens had previously been convicted of burglary for which he had been sentenced to eighteen months of probation. Four days after his probationary period expired, he was arrested and charged with possession of a firearm by a felon, possession of cocaine with intent to deliver/sell, possession of cannabis with intent to deliver/sell, possession of drug paraphernalia, and resisting arrest without violence. Owens pleaded no contest to these new charges.
 

 For the new charges, the trial court sentenced Owens to thirty-two months imprisonment. In addition, the trial court also found that Owens violated his probation, despite the expiration of Owens’s probationary period. For Owens’s violation of probation, the trial court sentenced him to sixty months imprisonment to run consecutively with the thirty-two month sentence for the new charges.
 

 Owens contends, and the State agrees, that because Owens’s probationary period expired before his arrest for the new charges, the trial court erred by finding that Owens violated his probation. The trial court did not have jurisdiction to make that finding. See
 
 Francois v. State,
 
 695 So.2d 695, 697 (Fla.1997) (“[W]hen a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation.”).
 

 Therefore, we reverse and remand with directions that the trial court vacate Owens’s violation of probation and sixty-month prison sentence arising from it.
 

 Reversed and Remanded With Directions.
 

 HAZOURI, GERBER, JJ., and KELLEY, GLENN D., Associate Judge, concur.