MARSTILLER, J.
Homer Franklin appeals the five-year prison sentence he received after violating his drug offender probation (“VOP”). He argues the trial court had no jurisdiction over him because the maximum permissi *623 ble probationary term — live years — expired before the VOP affidavit was filed. The State counters that Franklin absconded for approximately two years, tolling the probationary period and rendering the VOP affidavit timely. We affirm the sentence because we agree, although for different reasons, that tolling occurred.[1]
In 2002, case number 2002-377CF, Franklin pled nolo contendere to possession of cocaine, a third degree felony with a maximum allowable penalty of five years in prison. See § 89S.13(6)(a), Fla. Stat. (2002); § 775.082(3)(d), Fla. Stat. (2002). On October 16, 2002, the trial court placed Franklin on two years’ probation. On April 2, 2003, a VOP affidavit was filed, and the court issued a warrant for Franklin’s arrest the same day. Thereafter, an amended VOP affidavit was filed, and an amended arrest warrant issued July 1, 2003.
More than two years later, on November 1, 2005, the Wakulla County Sheriffs Office arrested Franklin on warrants issued in case numbers 2003-498CF and 2003-499CF.[2], [3] Upon Franklin’s nolo contende-re plea to the new charges and to the 2003 VOP, the court disposed of all three cases in a single final judgment rendered December 14, 2005.[4] The court revoked Franklin’s probation in case number 2002-377CF and for all cases sentenced him to two years of community control, with 22 months in the Wakulla County Jail Bed Program as a condition, followed by one year of drug offender probation. The court credited Franklin with 46 days time served and ordered the sentences to run concurrently.
On April 25, 2007, an Affidavit of Violation of Community Control (“VOCC”) was filed and a warrant issued for Franklin’s arrest. The Sheriffs Office took him into custody on December 21, 2007. The court revoked community control on February 13, 2008, and again placed Franklin on probation — this time felony drug offender probation for one year followed by two years’ probation. The judgment and revocation order applied to Franklin’s three cases, and the probationary terms ran concurrently.
Less than one month later, on March 5, 2008, Franklin again was taken into custody, via warrantless arrest, for violating his drug offender probation. The corresponding VOP affidavit was filed March 7, 2008. Franklin admitted the violation, and on August 21, 2008, the court revoked his probation and sentenced him as follows. In case number 2002-377CF, five years in prison with credit for 597 days time served. In case number 2003-498CF, 15 years in prison on Count I and five years in prison on Count II with credit for 595 days’ time served. And in case number 2003M:99CF, 15 years in prison on Count I and five years in prison on Count II with credit for 595 days time served. All sentences are to be served concurrently.
*624 Franklin asserts the trial court lost jurisdiction over him in case number 2002-377CF on October 16, 2007, or five years after initially placing him on probation.[5] Consequently, the court could neither revoke his community control in February 2008 and order drug offender probation nor entertain the VOP affidavit filed March 7, 2008. See, e.g., Yevchak v. State, 952 So.2d 1286, 1287 (Fla. 2d DCA 2007) (court lacked jurisdiction to revoke defendant’s probation and sentence him further after defendant, due to a series of violations following the initial three-year placement on probation, already had served more than five years of probation for a third degree felony). Franklin further asserts there is no evidence in the record that he absconded from supervision as the State contends, and thus, no basis upon which to find tolling of his probationary period. See Francois v. State, 695 So.2d 695, 697 (Fla.1997) (stating that “[o]ne who absconds from supervision is no longer under the controlling arm of the state,” and that “absconding from probation tolls the period”).
Franklin’s probationary period indeed was tolled, but not strictly because he absconded from supervision. Rather, under section 948.06(1), Florida Statutes (2002), “[u]pon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation.” A warrant issues “when signed by the magistrate.” § 901.02(1), Fla. Stat. (2002). Pursuant to section 948.06(1), then, Franklin’s probationary period was tolled for roughly 32 months from April 2, 2003, when the court issued the first VOP arrest warrant, to December 14, 2005, when the court revoked probation and ordered community control. This tolling period extended Franklin’s presumptive maximum probationary period from October 2007 to approximately June 2010.[6] Therefore, the court had jurisdiction to revoke Franklin’s community control and place him on drug offender probation in February 2008, and to revoke his probation and impose a prison sentence in August 2008. That Franklin absconded from supervision may explain the substantial delay between issuance of the VOP arrest warrant in 2003 and Franklin’s eventual apprehension in 2005. But we see no reason to address whether there is evidence of absconding when section 948.06(1) plainly states the probationary period tolls from the time the warrant issues to the time the court rules on the VOP, and the record reflects the relevant dates. Cf. Owens v. State, 911 So.2d 181 (Fla. 1st DCA 2005) (remanding for evidentiary hearing on trial court’s jurisdiction to revoke appellant’s probation where the state argued the probationary period was tolled while appellant was incarcerated on unrelated charges and absconded, but the appellate court could not make that determination from the record on appeal). Accordingly, the sentence on appeal is AFFIRMED.
PADOVANO and ROBERTS, JJ„ concur.

. Franklin raises an additional issue about the timeliness of the trial court's order denying his rule 3.800(b)(2) motion. We see no need to address this issue because such a motion is deemed denied if not ruled upon within the time set forth in the rule. See Fla. R. Crim. P. 3.800(b)(1)(B), (b)(2)(B). Our analysis of the substantive issue on appeal is the same whether or not the trial court rendered a timely denial order.

. See n. 4, infra.

. The record before us does not contain the arrest report on the VOP warrant.

. The court adjudicated Franklin guilty of sale of a controlled substance (Count I) and possession of a controlled substance (Count II) in case number 2003-498CF, and of sale of methamphetamine (Count I) and possession of methamphetamine (Count II) in case number 2003-499CF:

. The sentences imposed in case numbers 2003-498CF and 2003-499CF are not at issue in this appeal.

. Franklin’s two subsequent community control and probation violations may have yielded additional tolling periods.